**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PHOENIX LICENSING, L.L.C., an Arizona limited liability company, and LPL LICENSING, L.L.C., a Delaware limited liability company,<br><br>        Plaintiffs,<br>   v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>        Defendant. | Case No.  2:14-cv-00967<br><br>**Jury Trial Demanded** |

**COMPLAINT FOR PATENT INFRINGEMENT**

In this action for patent infringement, Plaintiffs Phoenix Licensing, L.L.C. ("Phoenix") and LPL Licensing, L.L.C. ("LPL") (collectively, "Plaintiffs") make the following allegations against Charter Communications, Inc. ("Defendant").

**INTRODUCTION**

1.      Phoenix owns the inventions for the following marketing technology (the "patented marketing technology"):

(a)    Computerized apparatuses, methods, and systems that implement decision criteria, product information, and client information to automatically select and present products appropriate for the client via client communications (for example, a direct mail communication incorporating variable information) as described and claimed in United States Patent Number 5,987,434 entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products" (the "'434 patent");

(b)    Apparatuses, methods, and systems that automatically generate personalized communication documents for financial products or services, where the communications include personalized content that present alternative

descriptions, characteristics and/or identifications associated with the financial product or service, as described and claimed in United States Patent Number 7,890,366 entitled "Personalized Communication Documents, System and Method for Preparing Same" (the "'366 patent");

(c) Apparatuses, methods, and system that use client information to automatically select financial products or services appropriate for the client and prepare personalized client communications offering the selected products, as described and claimed in United States Patent Number 8,352,317 entitled "System for Facilitating Production of Variable Offer Communications" (the "'317 patent");

(d) Apparatuses, methods, and systems that automatically generate customized communications offering financial products or services to a plurality of clients, and replies to client responses to such communications, as described and claimed in United States Patent Number 8,234,184 entitled "Automated Reply Generation Direct Marketing System" (the "'184 patent");

(e) Apparatuses, methods, and systems that use client data to automatically select financial products or services appropriate for the client and prepare personalized client communications offering the selected products or services, as described and claimed in United States Patent Number 8,606,632 entitled "System, Method, and Computer Program Product for Selecting and Presenting Financial Products and Services" (the "'632 patent");

(f) Apparatuses, methods, and systems for automatically preparing customized replies in response to communications from a plurality of clients, as described and claimed in United States Patent Number 6,999,938 entitled "Automated Reply Generation Direct Marketing System" (the "'938 patent"); and

1

  (g) Apparatuses, methods, and systems that use client information to automatically select products appropriate for the client, as described and claimed in United States Patent Number 8,738,435 entitled "Method And Apparatus For Presenting Personalized Content Relating To Offered Products And Services" (the "'435 patent") (hereafter, the above patents are collectively referred to as the "patents-in-suit").

  2. Pursuant to a license agreement dated December 1, 2006, LPL is the exclusive licensee of the patents-in-suit.

  3. Defendant has been and is now infringing the patents-in-suit by making, using, offering for sale, selling, and/or importing products covered by one or more claims of the patents-in-suit without Plaintiffs' permission.

  4. Plaintiffs seek monetary damages for Defendant's infringement and a permanent injunction prohibiting Defendant from continuing to infringe the patents-in-suit.

## **PARTIES**

  5. Phoenix is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.

  6. LPL is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona and an office and personnel in Tyler, Texas.

  7. Upon information and belief, Charter Communications, Inc. is a Delaware corporation with its principal place of business at 400 Atlantic Street, Stamford, Connecticut 06901.

## **JURISDICTION AND VENUE**

  8. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in this District, and has committed and continues to commit acts of patent infringement in this District.

10. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, and has committed and continues to commit acts of patent infringement in this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,987,434

11. Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

12. On November 16, 1999, the United States Patent and Trademark Office issued the '434 patent for inventions covering the following marketing technology: computerized apparatuses, methods, and systems that implement decision criteria, product information, and client information to automatically select and present products appropriate for the client (for example, a direct mail communication incorporating variable information), as described and claimed in the '434 patent. Phoenix is the owner by assignment of all right, title, and interest in the '434 patent, including all rights to pursue and collect damages for past infringements of the patent. LPL is the exclusive licensee of the '434 patent. A true and correct copy of the '434 patent is attached as Exhibit A.

13. Defendant has been and is now directly infringing one or more claims of the '434 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for its customers and potential customers. These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

14. Defendant has committed these acts of infringement without license or authorization.

3

15. By engaging in the conduct described herein, Defendant has injured Plaintiffs and is thus liable for infringement of the '434 patent under 35 U.S.C. § 271.

16. As a result of Defendant's infringement of the '434 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

17. Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '434 patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,890,366

18. Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

19. On February 15, 2011, the United States Patent and Trademark Office issued the '366 patent for inventions covering the following marketing technology: apparatuses, methods, and systems that automatically generate personalized marketing communications for financial products or services, where the communications include personalized content that present alternative descriptions, characteristics and/or identifications associated with the financial product or service, as described and claimed in the '366 patent.  Phoenix is the owner by assignment of all right, title, and interest in the '366 patent, including all rights to pursue and collect damages for past infringements of the patent.  LPL is the exclusive licensee of the '366 patent.  A true and correct copy of the '366 patent is attached as Exhibit B.

20. Defendant has been and is now directly infringing one or more claims of the '366 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for its customers and potential customers.  These

materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

21. Defendant has committed these acts of infringement without license or authorization.

22. By engaging in the conduct described herein, Defendant has injured Plaintiffs and is thus liable for infringement of the '366 patent under 35 U.S.C. § 271.

23. As a result of Defendant's infringement of the '366 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

24. Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '366 patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,352,317

25. Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

26. On January 8, 2013, the United States Patent and Trademark Office issued the '317 patent for inventions covering the following marketing technology: apparatuses, methods, and system that use client information to automatically select financial products or services appropriate for the client and prepare personalized client communications offering the selected products, as described and claimed in the '317 patent. Phoenix is the owner by assignment of all right, title, and interest in the '317 patent, including all rights to pursue and collect damages for past infringements of the patent. LPL is the exclusive licensee of the '317 patent. A true and correct copy of the '317 patent is attached as Exhibit C.

27.     Defendant has been and is now directly infringing one or more claims of the '317 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for its customers and potential customers. These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

28.     Defendant has committed these acts of infringement without license or authorization.

29.     By engaging in the conduct described herein, Defendant has injured Plaintiffs and is thus liable for infringement of the '317 patent under 35 U.S.C. § 271.

30.     As a result of Defendant's infringement of the '317 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

31.     Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '317 patent.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 8,234,184

32.     Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

33.     On July 31, 2012, the United States Patent and Trademark Office issued the '184 patent for inventions covering the following marketing technology: apparatuses, methods, and systems that automatically generate customized communications offering financial products or services to a plurality of clients, and replies to client responses to such communications, as described and claimed in the '184 patent. Phoenix is the owner by assignment of all right, title,

and interest in the '184 patent, including all rights to pursue and collect damages for past infringements of the patent. LPL is the exclusive licensee of the '184 patent. A true and correct copy of the '184 patent is attached as Exhibit D.

34. Defendant has been and is now directly infringing one or more claims of the '184 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for its customers and potential customers. These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

35. Defendant has committed these acts of infringement without license or authorization.

36. By engaging in the conduct described herein, Defendant has injured Plaintiffs and is thus liable for infringement of the '184 patent under 35 U.S.C. § 271.

37. As a result of Defendant's infringement of the '184 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

38. Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '184 patent.

## COUNT V
### INFRINGEMENT OF U.S. PATENT NO. 8,606,632

39. Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

40. On December 10, 2013, the United States Patent and Trademark Office issued the '632 patent for inventions covering the following marketing technology: apparatuses, methods,

and systems that use client data to automatically select financial products or services appropriate for the client and prepare personalized client communications offering the selected products or services, as described and claimed in the '632 patent. Phoenix is the owner by assignment of all right, title, and interest in the '632 patent, including all rights to pursue and collect damages for past infringements of the patent. LPL is the exclusive licensee of the '632 patent. A true and correct copy of the '632 patent is attached as Exhibit E.

41. Defendant has been and is now directly infringing one or more claims of the '632 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for its customers and potential customers. These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

42. Defendant has committed these acts of infringement without license or authorization.

43. By engaging in the conduct described herein, Defendant has injured Plaintiffs and is thus liable for infringement of the '632 patent under 35 U.S.C. § 271.

44. As a result of Defendant's infringement of the '632 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

45. Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '632 patent.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 6,999,938

46. Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

47. On February 14, 2006, the United States Patent and Trademark Office issued the '938 patent for inventions covering the following marketing technology: apparatuses, methods, and systems for automatically preparing customized replies in response to communications from a plurality of clients, as described and claimed in the '938 patent. Phoenix is the owner by assignment of all right, title, and interest in the '938 patent, including all rights to pursue and collect damages for past infringements of the patent. LPL is the exclusive licensee of the '938 patent. A true and correct copy of the '938 patent is attached as Exhibit F.

48. Defendant has been and is now directly infringing one or more claims of the '938 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for its customers and potential customers. These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

49. Defendant has committed these acts of infringement without license or authorization.

50. By engaging in the conduct described herein, Defendant has injured Plaintiffs and is thus liable for infringement of the '938 patent under 35 U.S.C. § 271.

51. As a result of Defendant's infringement of the '938 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

52. Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '938 patent.

## COUNT VII

## INFRINGEMENT OF U.S. PATENT NO. 8,738,435

53. Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

54. On May 27, 2014, the United States Patent and Trademark Office issued the '435 patent for inventions covering the following marketing technology: apparatuses, methods, and systems that use client information to automatically select products appropriate for the client, as described and claimed in the '435 patent. Phoenix is the owner by assignment of all right, title, and interest in the '435 patent, including all rights to pursue and collect damages for past infringements of the patent. LPL is the exclusive licensee of the '435 patent. A true and correct copy of the '435 patent is attached as Exhibit G.

55. Defendant has been and is now directly infringing one or more claims of the '435 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for its customers and potential customers. These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

56. Defendant has committed these acts of infringement without license or authorization.

57. By engaging in the conduct described herein, Defendant has injured Plaintiffs and is thus liable for infringement of the '435 patent under 35 U.S.C. § 271.

58. As a result of Defendant's infringement of the '435 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

59. Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants,

employees, representatives, and all others acting in active concert therewith from infringing the '435 patent.

## PRAYER FOR RELIEF

Plaintiffs respectfully request the following relief from this Court:

A. A judgment in favor of Plaintiffs that Defendant has infringed the patents-in-suit;

B. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing of the patents-in-suit, or such other equitable relief the Court determines is warranted;

C. A judgment and order requiring Defendant to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the patents-in-suit as provided under 35 U.S.C. § 284;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendant;

E. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest; and

F. Any and all other relief to which Plaintiffs may be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury of any issues so triable by right.

| | |
|---|---|
| Dated: October 17, 2014 | RUSS AUGUST & KABAT |
| | |
| | /s/ *Marc A. Fenster* |
| | Marc A. Fenster (CA SBN 181067) |
| | Benjamin T. Wang (CA SBN 228712) |
| | 12424 Wilshire Boulevard, 12th Floor |
| | Los Angeles, California 90025 |
| | Telephone: (310) 826-7474 |
| | Facsimile: (310) 826-6991 |
| | mfenster@raklaw.com |
| | bwang@raklaw.com |
| | |
| | *Attorneys for Plaintiffs Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C.* |